UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK ALTIER, | ) | |
| | ) | |
| Plaintiff, | ) | DOCKET N0. |
| | ) | |
| -against- | ) | |
| | ) | **COMPLAINT** |
| LINEMASTER SWITCH CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | NOVEMBER 30, 2016 |

Plaintiff, MARK ALTIER, by his attorneys, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") in connection with LINEMASTER SWITCH CORP,'s ("LSC") violation of its statutory obligations to pay Plaintiff compensation for all off-the-clock time and overtime wages, as a non-exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times his regular rate of pay, pursuant to 29 U.S.C. §207 (a).

2. Plaintiff also seeks relief under Connecticut's Wage and Hour Laws. More specifically, Plaintiff asserts that he is entitled to compensation for all unpaid off-

the-clock time and overtime wages for his work beyond 40 hours per week, at a rate of 1.5 times his regular rate of pay pursuant to the Connecticut Wage and Hour Laws. (CWHL")Conn. State Statutes, section 31-76(b) and (c).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201et seq., a Federal Statute. As to claims under CWHL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and LSC is subject to personal jurisdiction in this District.

## THE PARTIES

5. LSC is a corporation created and existing under and by virtue of the laws of the State of Connecticut.

6. LSC maintains its principal offices located at Woodstock, Connecticut 06281.

7. Plaintiff, MARK ALTIER, is a resident and citizen of Waterbury, CT 06708.

## FACTUAL ALLEGATIONS

8. LSC manufactures and sells industrial and medical foot switches through a network of sales representatives and distributors in the United States, Canada, Mexico, and internationally.

9. Plaintiff was employed by LSC from November 2013 to August 2016, as a purchasing agent/buyer.

10. Plaintiff was a non-exempt employee whose job responsibilities included monitoring stocking levels and issuing purchase orders to support production.

11. At all relevant times, LSC operated and controlled an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

12. At all times material and relevant herein, LSC was the employer of Plaintiff and possessed the authority and power to hire or terminate Plaintiff; control Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; determined Plaintiff was non-exempt; determined overtime policy; determined compensation day policies and kept and/or had unrestricted access to records regarding Plaintiff's employment.

13. At all relevant times, Plaintiff was an employee of LSC within the meaning of 29 U.S.C. §§201 et. seq.

14. At all relevant times, Plaintiff was an employee of LSC within the meaning of CWHL and the supporting Connecticut Department of Labor regulations.

15. During the applicable statutory period, Plaintiff was required by LSC and did regularly work over 40 hours per week.

16. During the applicable statutory period, Plaintiff was required by LSC to work off-the-clock at least 3 hours per week.

17. During the applicable statutory period, Plaintiff was required by LSC management to falsify time records to reflect less hours than he actually worked.

18. At all relevant times, Plaintiff worked in the manner described above and LSC encouraged, instructed, and required him to work in this manner.

19. LSC intentionally and knowingly instructed Plaintiff to work in this manner, to circumvent the applicable FLSA overtime pay requirements.

20. LSC intentionally and knowingly instructed Plaintiff to work in this manner, to circumvent the applicable CWHL overtime pay requirements.

21. LSC intentionally and knowingly misclassified Plaintiff, as an employee exempt from the overtime pay requirements of the FLSA and CWHL, despite his regular performance of non-exempt duties.

22. Plaintiff does not qualify as an exempt employee, as defined by the applicable Federal and State regulations.

23. During the applicable statutory period, Plaintiff was not paid overtime compensation by LSC, for all hours worked each week, in excess of 40 hours.

24. Upon information and belief, LSC never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its business facility where Plaintiff was employed, in violation of 29 C.F.R. §516.4.

25. At all times material and relevant herein, LSC failed to keep full and accurate records of Plaintiff's hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, and CWHL.

25. Because LSC willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

26. LSC's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Connecticut Department of Labor, or any administrative practice or enforcement policy of such departments.

27. LSC's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

28. LSC's failure to pay Plaintiff for off-the-clock work and overtime compensation, in violation of federal and state law, has been willful and was not the result of a good faith contest or dispute.

## FIRST CLAIM FOR RELIEF (FLSA)

29. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein at length.

30. LSC failed to compensate Plaintiff for all hours worked, each work week.

31. For example, for the pay period 7/10/16 to 7/16/16, Plaintiff worked 43 hours and only received wages of the amount of $1,174.62 ($29.36 per hour) for 40 hours of work.

32. LSC failed to compensate Plaintiff for all hours worked per week, in excess of forty (40).

33. LSC failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

34. For example, for the pay period 7/17/16 to 7/23/16, Plaintiff worked 43 hours and only received wages of $1,174.62 for 40 hours of work. Plaintiff was entitled to receive overtime compensation of $122.88, for three (3) hours, at the rate of $40.96 ($1174.62/43= $27.31 x 1.5=$40.96).

35. LSC's overtime practices, as described herein, violated the FLSA.

36. LSC's conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

37. LSC has willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA, as described herein.

38. Because LSC willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

39. By reason of these unlawful acts, LSC has deprived Plaintiff of over time compensation in amounts to be determined at trial, together with such other

amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF (CWHL)

40. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein at length.

41. LSC failed to compensate Plaintiff for all hours in a work week, in excess of forty (40).

42. LSC failed to compensate Plaintiff at a rate of 1.5 times his regular rate of pay, for all hours in a work week in excess of 40.

43. LSC's overtime practices, as described herein, violated CWHL.

44. LSC'S conduct and employment practices, as described herein, was/is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of these unlawful acts, LSC has deprived Plaintiff of overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to CWHL and the supporting Connecticut Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and damages as follows:

(a) A declaratory judgment that LSC's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq. and attendant regulations at 29 C.F.R. § 516 et.seq.;

(b) A declaratory judgment that LSC's practices alleged herein violate CWHL, attendant regulations and Connecticut common law principles.

(c) Judgment for unpaid wages and overtime pay to which Plaintiff is lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et.seq., and attendant regulations at 29 C.F.R. § 516 et.seq.;

(d) Judgment for unpaid wages and overtime pay to which Plaintiff is lawfully entitled pursuant to CWHL, attendant regulations and Connecticut common law principles;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and attendant regulations at 29 C.F.R. §516 et.seq., in an amount equal to the unpaid wages and overtime pay to which Plaintiff was lawfully entitled, but which was intentionally and wrongfully withheld by LSC.

(f) Judgment for liquidated damages pursuant to CWHL.

(g) Prejudgment interest.

(h) An order directing LSC to pay Plaintiff's reasonable attorney's fees and all costs connected with this action.

(i)     Such other and further relief as this Court may deem just and proper.

BROWN PAINDIRIS & SCOTT, LLP

By: /s/Bruce E. Newman
Bruce E. Newman
747 Stafford Avenue
Bristol, CT 0601
Tel: (860) 583-520
Fax: (860)589-5780
Federal Bar No.:  12301
bnewman@bpslawyers.com


-and-


BLAU, LEONARD LAW GROUP, LLC
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*